IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD AUSTIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-308-WDS |
| ) | |
| NATE McVICKER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, a detainee in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed

at this point in the litigation.

*Factual Background*

Plaintiff states that he was stopped by Defendant McVicker, an Illinois state trooper, on January 11, 2005, on a routine traffic stop for failing to use his headlights when required. After removing Plaintiff from the vehicle and patting him down, Defendant McVicker placed Plaintiff in the backseat of his patrol car while he ran Plaintiff's license. Plaintiff states that after seeing his criminal history, Defendant McVicker told Plaintiff he had smelled marijuana smoke in the vehicle and asked him whether he had any drugs or weapons on his person or in the vehicle. Plaintiff told him no. Defendant McVicker then asked Plaintiff if he could search his vehicle. Plaintiff said no. Defendant McVicker then told Plaintiff that the fact that his name was not on the vehicle rental agreement and that Ms. Derrick, the renter of the vehicle, was not in the car gave him probable cause to search the vehicle. Defendant McVicker then returned to the vehicle and instructed the passengers to get out and proceeded to search the vehicle. Plaintiff claims that he was "racially profiled" by Defendant McVicker and that Defendant McVicker illegally searched both him and his vehicle. Plaintiff seeks to have the charges against him and the other passengers in the vehicle dismissed and monetary damages.

*Legal Standard*

The current status of criminal charges Plaintiff may face as a result of the traffic stop is unclear. However, it is certain that Plaintiff may not seek to have state charges dismissed or to be released from confinement in this type of action. A state prisoner seeking release from an unconstitutional confinement must bring an action as one for habeas corpus pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts. *See O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 844-45 (1998).  Ordinarily, this will involve raising every issue at trial or in a post-conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.  Accordingly, Plaintiff's claim seeking that the charges against him be dropped because of the alleged illegal search and seizure is **DISMISSED** without prejudice.

However, Fourth Amendment claims for *damages* for illegal search and seizure may be brought during the pendency of an underlying criminal case.  The Seventh Circuit has held that such claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because adjudication of the civil rights claims does not *necessarily* imply the invalidity of an underlying conviction.  *See Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir. 1998)  Furthermore, Fourth Amendment claims for illegal search or arrest "may be brought immediately," and a defendant need not wait until criminal proceedings have concluded to bring a civil rights action.  *Id.*  Based on these standards and Plaintiff's factual allegations, Plaintiff's claim *for damages* cannot be dismissed at this point in the litigation.

### *Summary and Conclusion*

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for **Defendant Nate McVicker**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant Nate McVicker in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the

passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: February 15, 2006**

                              **s/ WILLIAM D. STIEHL**
                              **DISTRICT JUDGE**