IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD AUSTIN, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **05-308-WDS** |
| | ) | |
| **NATE MCVICKER,** | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

Before the Court is defendant Nate McVicker's motion to stay the above-captioned civil rights action in accordance with *Younger v. Harris*, 401 U.S. 37 (1971), until the related state criminal case, which is currently on appeal, is finalized. **(Doc. 15).** Plaintiff, who is proceeding pro se, has not filed a response to the subject motion. This Report and Recommendation is respectfully submitted pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff Austin's civil case seeks monetary damages from the defendant, an Illinois state trooper, for a search and seizure that allegedly violated plaintiff's rights under the Fourth Amendment. **(Docs. 1 and 8).** Evidence seized in the search at issue formed the basis of state criminal charges, for which plaintiff was convicted and sentenced to 30 years in prison. **(Doc. 16, Exhibit A).** During the course of the state criminal trial, Austin unsuccessfully moved to suppress the evidence seized by Trooper McVicker, arguing that there was no legal basis for the seizure and his arrest, which were a result of racial profiling. **(Doc. 16, Exhibits B and C).** Austin's appeal concerns the conviction in general, as well as the search and seizure, suppression hearing, and alleged perjury by Trooper McVicker. **(Doc. 16, Exhibit D).**

Citing *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir. 1998), the Court's threshold order recognized that, although plaintiff could not utilize this civil rights action to secure his release from confinement or to have the charges dropped, the Fourth Amendment claims for damages could proceed and need not await resolution of the criminal case.  **(Doc. 8).**  At that time, the Court was unaware of the criminal charges.  **(Doc. 8, p. 2).**  As noted above, it is now evident that Austin has already been tried and convicted, and an appeal is pending (*People v. Austin*, 05-CF-138 (3rd Cir. (Madison County, Ill.) 2005).

The *Younger* doctrine, premised upon principles of comity, precludes federal courts from interfering with pending state judicial proceedings, absent extraordinary circumstances. **Younger v. Harris, 401 U.S. 37, 52-54 (1971).**  *Simpson v. Rowan*, 73 F.3d 134 (7th Cir. 1995), presented a scenario virtually identical to the one at bar.  The Court of Appeals for the Seventh Circuit concluded that because the federal action for damages raised constitutional issues subject to adjudication in the state criminal case that was on appeal, the potential for federal-state friction was obvious and staying the federal action was required while the state case proceeded through the appellate process.  **Simpson, 73 F.3d at 138-139.**  The appellate court also observed that staying the federal Section 1983 action, rather than dismissing it, also would protect the plaintiff's rights with respect to the statute of limitations.

### Recommendation

For the aforestated reasons, it is the recommendation for this Court that this action for damages pursuant to 42 U.S.C. § 1983 be stayed until the completion of state appellate proceedings.

SUBMITTED:  September 28, 2006

                                                **s/ Clifford J. Proud**
                                                **CLIFFORD J. PROUD**
                                                **U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

      In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **October 16, 2006**.