IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD AUSTIN, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No.  05-cv-308-JPG-PMF |
| **NATE MCVICKER,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion for summary judgment (Doc. No. 38). The motion is unopposed.

Plaintiff, Richard Austin Jr., filed this § 1983 action for damages, challenging the constitutionality of a traffic stop and vehicle search on January 11, 2005. Plaintiff alleges that the decision to search his vehicle was not supported by probable cause and was motivated by his race in violation of the Fourth Amendment.

Defendant seeks judgment in his favor on multiple grounds: collateral estoppel, the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), qualified immunity, lack of custody, lack of standing to challenge the vehicle search, the existence of probable cause to perform a vehicle search, and lack of compensable damages. The motion is supported by a memorandum and exhibits, including judicial rulings and proceedings from plaintiff's criminal trial on charges of drug trafficking and armed violence and his criminal appeal (Doc. No. 39). Plaintiff was notified of the potential consequences of the motion if he failed to respond (Doc. No. 40). A response, due by February 1, 2011, was not filed.

## I. Standard for Summary Judgment Motion

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Local Rule 7.1 provides that the absence of a response to a motion for summary judgment may be considered an admission of the merits of the motion. SDIL-LR 7.1(c). Furthermore, Rule 56 of the Federal Rules of Civil Procedure requires a party who opposes a motion for summary judgment to set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c). In these circumstances, summary judgment should be granted in favor of defendant McVicker if his motion and the materials on file support that request. Fed. R. Civ. P. 56(e)(3).

## II. Undisputed Facts

On January 11, 2005, at 11:37 a.m., defendant Nate McVicker was patrolling traffic in his capacity as a state trooper. He stopped the vehicle plaintiff was driving without headlights on Interstate 70 in Madison, County, Illinois. Lighted headlamps are required in certain conditions in Illinois. 625 ILCS 5/12-201. At the time of the stop, there was a steady rain, and the windshield wipers were operating. After stopping the vehicle, McVicker learned that the vehicle was owned by Enterprise Rental Company Leasing Program.

When McVicker approached the vehicle from the passenger side, one of the passengers rolled the window down, and McVicker detected a strong odor of burnt cannabis. Plaintiff provided McVicker with a valid drivers license and a vehicle rental agreement from the Fort Wayne, Indiana branch of Enterprise Leasing Company. When McVicker reviewed the rental agreement, he learned that Chequatte S. Derrick had rented the vehicle and was the only authorized driver. Although several individuals were passengers, Ms. Derrick was not present. McVicker also learned that Ms.

Derrick had promised to return the rental vehicle several days earlier. McVicker instructed plaintiff to sit in his patrol vehicle. McVicker questioned plaintiff about the odor, and plaintiff admitted that he had smoked marijuana throughout the trip, which had started in Texas. When McVicker requested consent to search the vehicle, permission was refused.

After back-up arrived, the vehicle was searched. Three loaded guns were discovered under the front passenger's seat and seven bundles of cocaine were found in the rear cargo area. A small amount of cannabis was found on the middle passenger bench.

Criminal charges were prosecuted against plaintiff in Madison County, Illinois. A motion to suppress evidence and quash arrest was filed on plaintiff's behalf. Plaintiff supported the motion with arguments that McVicker did not have probable cause to make a traffic stop and did not have probable cause to search the vehicle. Following a full evidentiary hearing, the motion was denied. There was a judicial finding that McVicker made a lawful traffic stop, that plaintiff was lawfully detained, and that the vehicle was lawfully searched. It was further decided that plaintiff did not have standing to challenge the search of the vehicle, which he did not own and was not authorized to drive.

Plaintiff was subsequently convicted of controlled substance trafficking and armed violence. Those convictions were affirmed on appeal and post-conviction proceedings were not successful.

### III.   Collateral Estoppel

One of the arguments advanced in support of defendant's motion is that collateral estoppel bars relitigation of the stop, detention, and search claims that were decided against plaintiff during the state criminal proceeding.

Under the doctrine of collateral estoppel, when an issue is actually and necessarily decided by a court of competent jurisdiction, that decision is conclusive n all subsequent litigation involving a party to the prior litigation. *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000). The doctrine is properly applied to these circumstances because (1) plaintiff had a full and fair opportunity to challenge the legality of the traffic stop, detention, and search in the state proceedings, and (2) Illinois would give preclusive effect to the state judgment. *Allen v. McCurry*, 449 U.S. 90, 104-105 (1980); *Guenther v. Homgreen*, 738 F.2d 879, 883-84 (7th Cir. 1984); *People v. Hopkins*, 284 N.E.2d 283, 285 (Ill. 1972). Because the collateral estoppel argument has merit, the remaining arguments offered in support of the motion need not be evaluated. Defendant McVicker has shown that he is entitled to summary judgment in his favor.

## IV.    Conclusion

IT IS RECOMMENDED that defendant's motion for summary judgment (Doc. No. 38) be GRANTED. Summary judgment should be entered in favor of defendant McVicker on plaintiff's § 1983 claim for damages.

SUBMITTED:   **February 18, 2011**   .

     **S/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**